## BRAUNLIN et v DOTY

Ohio Appeals, 4th Dist, Scioto Co
Decided November 22, 1929

Mr. Edgar G. Miller, Portsmouth, for Braunlin et.

Messrs. Irish & Riley, Ironton, and Miller & Searl, Portsmouth, for Doty.

**MAUCK, J.**

It will be observed that the defendants do not plead that the plaintiff had any knowledge of any defense that the maker had to the note purchased by the plaintiff nor that he had any notice that there had been any failure of title to the lands sold. The averment only charges that the plaintiff had knowledge of the sale of the land and that the mortgage was given for the purchase money. Now. it is apparent that the plaintiff might have had knowledge that the note was given in consideration of the sale of real estate without any knowledge that the title to such real estate was defective, and as an innocent purchaser he is entitled to all of the immunities attaching to an innocent purchaser, unless there is something peculiar to notes given for the purchase money for real estate that takes those notes out of the general rule relating to innocent purchasers. The plaintiff in error claims that notes of this character, as distinguished from all other negotiable instruments, are open to a defense even though in the hands of an innocent purchaser by virtue of **Section 11902 GC.** Certainly so radical an innovation in the law of negotiable instruments should not be adopted unless by the terms of the statute invoked it is necessary to do so.

The section referred to does not by its terms attempt to establish any rule in substantive law. It only provides a method of procedure. It is limited by its own language to actions between vendor and vendee, and consequently by its terms does not relate to the instant case. Its purpose and effect seem to have been clearly set forth in **Templeton vs. Kraner,** 24 OS. 554. In that case the court says on page 563 that without the section referred to in an action brought by the vendor to realize upon a purchase money obligation the maker of the note would be required to go into equity and secure an injunction against the prosecution of the action at law until the equities arising through a failure of title had been settled in a chancery proceeding, and that the effect of this section was to enable the purchaser in such an action to bring in outside parties and determine such equities in one case. The court says that the section is remedial only. Upon the authority of this case, upon what seems to be the sounder reasoning and the plain letter of the statute, **Section 11902** was not available to the defendant in this case.

The trial court was right in entering judgment upon the pleadings.

Middleton, PJ., and Blosser, J., concur.